UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL DAVILA | CIVIL ACTION |
| VERSUS | NO. 25-333 |
| PENNYMAC LOAN SERVICES, LLC | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] Defendants oppose the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff, Samuel Davila, purchased a house at 2117 Doleac Street, Harvey, Louisiana, with financing through InterLine Mortgage Services.[3] The servicing rights to the mortgage were later sold to defendant, PennyMac Loan Services.[4] In 2023, PennyMac initiated foreclosure proceedings against Davila in state court in Jefferson Parish.[5] In July 2024, the state court granted a writ of seizure and sale, and set a sheriff's sale date of

---

[1] R. Doc. 12.
[2] R. Doc. 21.
[3] R. Doc. 3-2 at 2.
[4] *Id.* at 3.
[5] *Id.*

February 19, 2025.[6]  On February 6, 2025, Davila filed suit in state court, asking for an injunction arresting the execution of the writ of seizure, an order of specific performance, damages, and equitable relief.[7]  Davila asserts claims of fraud, detrimental reliance, negligence, and damage to reputation, along with claims under the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA").[8]  PennyMac removed to this Court on February 18, 2025,[9] the date the state court was to hear argument on Davila's request for a preliminary injunction.[10]  On March 27, 2025, Davila filed a motion to remand,[11] which PennyMac opposed.[12]  The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party "bears the burden of showing that federal jurisdiction exists

---

[6]     *Id.*
[7]     R. Doc. 3-2.
[8]     *Id.*
[9]     R. Doc. 3.
[10]    R. Doc. 3-2.
[11]    R. Doc. 12.
[12]    R. Doc. 21.

and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III. DISCUSSION

Davila argues the Court lacks subject matter jurisdiction over his claims based on the *Rooker-Feldman* doctrine.[13] The *Rooker-Feldman* doctrine bars federal district courts from "modify[ing] or revers[ing] state court judgments except when authorized by Congress." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). The doctrine is narrow, and the Supreme Court has cautioned that "it does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a

---

13   R. Doc. 12. The *Rooker-Feldman* doctrine gains its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

legal conclusion that a state court has reached in a case to which he was a party." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

There are two main hallmarks of the *Rooker-Feldman* inquiry: what the federal district court is being asked to review, and the source of the federal plaintiff's alleged injury. *Id.* Regarding the first, federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings." *Feldman*, 460 U.S. at 486. As to the second, jurisdiction is barred by *Rooker-Feldman* if the source of the plaintiff's alleged injury is the "allegedly erroneous decision by a state court," but not if the source is "an allegedly illegal act or omission by an adverse party." *Truong*, 717 F.3d at 382-83 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

Federal district courts additionally adhere to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* instructs federal district courts not to interfere with state court proceedings that implicate important state interests. *Id.*; *see also Penzoil Co. v. Texaco Inc.*, 481 U.S. 1, 17 (1987) (explaining *Younger* abstention applies to civil cases that implicate a State's interest in enforcing the orders and judgments of its courts). "Interference is established whenever the requested relief would

4

interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)).

Davila's state court complaint[14] and motion to remand[15] make clear that his primary goal is to prevent the sheriff's sale of his property. The Court has neither the jurisdiction to interfere with ongoing state proceedings that implicate important state interests, *see Younger*, 401 U.S. at 54, nor the jurisdiction to review state-court judgments. *See Rooker*, 263 U.S. at 415; *Feldman*, 460 U.S. at 476. The State of Louisiana has an important interest in resolving foreclosure disputes. *See e.g.*, *Penzoil Co.*, 481 U.S. at 13-14 (finding that the state has important interests in "forcing persons to transfer property in response to a court's judgment" and in "challenges to the process by which the State compels compliance with the judgment of its courts"); *Doscher v. Menifee Circuit Court*, 75 F.App'x 996, 997 (6th Cir. 2003) (finding that the state has an important interest in a foreclosure proceeding). Additionally, the Fifth Circuit has held that federal district courts lack jurisdiction over collateral attacks on the validity of a state court judicial

---

14    R. Doc. 3-2.
15    R. Doc. 12.

5

foreclosure. *See e.g., Flores v. Citizens State Bank of Roma, Texas*, 132 F.3d 1457, 1457 (5th Cir. 1997) (per curium)*; see also Magor v. GMAC Mortg., L.L.C.*, 456 F.App'x 334 (5th Cir. Nov. 2, 2011) (declining to review state court foreclosure under *Rooker-Feldman*). Thus, regardless of the stage of the foreclosure proceeding, this Court does not have jurisdiction to review Davila's claims.

Plaintiff also alleges FCRA and FDCPA violations. These allegations are "inextricably intertwined" with the state court's judgment ordering the issuance of a writ of seizure and sale. *Flores*, 132 F.3d at 1457 (finding that alleged deprivations of constitutional rights and RICO claims were "inextricably intertwined" with the state court's judgment because they arose "solely from the state-court litigation"). The harms Davila alleges are directly connected to the alleged wrongful foreclosure on his property. If the Court were to grant Davila's requested relief, it would effectively be reviewing the state court proceedings authorizing foreclosure, an undertaking for which this Court lacks jurisdiction.

Accordingly, the Court lacks jurisdiction to hear Davila's claims; state court is the appropriate forum for this dispute.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted. This action is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for further proceedings.

New Orleans, Louisiana, this __24th__ day of June, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE